DWIGHT STEVEN TERRY v. LOWRANCE HOSPITAL, INC., AND E. DANIEL GRIFFIN, JR.

No. 8126SC184

(Filed 17 November 1981)

**Process § 5.1; Rules of Civil Procedure §§ 4, 15— incorrect middle name on complaint—relation back of amendment—amendment of summons to correct defendant's name**

> Where the original complaint contained an incorrect middle name for defendant, the original summons was returned unserved, the complaint was amended "as a matter of course" pursuant to G.S. 1A-1, Rule 15(a) to correct defendant's name, the summons, complaint and amended complaint were thereafter served on defendant, and identical transactions or occurrences were described in the original and amended complaints, the amendment related back to the filing of the original complaint, G.S. 1A-1, Rule 15(c), the amended complaint gave defendant, correctly named, full, adequate and timely notice of plaintiff's claim, and the summons could properly be amended to reflect defendant's correct name. G.S. 1A-1, Rule 4(i).

APPEAL by plaintiff from *Smith, Judge.* Order entered 8 October 1980 in Superior Court, MECKLENBURG County. Heard in the Court of Appeals 22 September 1981.

Plaintiff appeals from an order quashing the return of service of process as to defendant E. Daniel Griffin, Jr., and dismissing the action against said defendant.

*Wardlow, Knox, Knox, Freeman & Scofield, by Charles E. Knox and John B. Yorke, for plaintiff appellant.*

*Hedrick, Feerick, Eatman, Gardner & Kincheloe, by Richard T. Feerick and Mel Garofalo, for defendant appellee E. Daniel Griffin, Jr.*

WHICHARD, Judge.

On or about 7 February 1977 defendant Griffin, a licensed physician, treated plaintiff at defendant hospital for an injured wrist. Plaintiff commenced this action for negligent treatment on that occasion on 6 February 1980 by issuing summons and securing an order extending through 26 February 1980 the time for filing complaint. Plaintiff filed his complaint on 26 February 1980, referring to defendant Griffin therein as E. David Griffin, Jr., rather than E. Daniel Griffin, Jr., his correct name. The original summons was returned unserved, because the Sheriff was unable to locate defendant Griffin in the alleged county of his residence.

By amended complaint filed 12 March 1980, plaintiff corrected defendant Griffin's name. The summons was endorsed pursuant to G.S. 1A-1, Rule 4(d)(1), and was served on defendant Griffin on 14 March 1980. Defendant Griffin on 9 April 1980 moved "to quash the return of any purported service of summons . . . for that any purported service of summons on said defendant is defective and void, and the Court ha[s] not acquired jurisdiction over said defendant." The trial court granted the motion, quashing the return of service and dismissing the action as to defendant Griffin.

The essence of defendant Griffin's position is that "any designation of the proper defendant occurred on March 12, 1980, when an amended Complaint was filed, designating the proper defendant [,] and this point in time was beyond the running of the

applicable period of limitations of actions." We disagree, and we therefore reverse.

Plaintiff could amend his complaint "once as a matter of course at any time before a responsive pleading [was] served." G.S. 1A-1, Rule 15(a). His amended complaint, filed 12 March 1980, preceded service of any responsive pleading, the only responsive pleading in the record being defendant Griffin's motions dated 9 April 1980. The amended complaint, which corrected defendant Griffin's name, thus was filed "as a matter of course." *Id.*

Unless the original complaint did not "give notice of the transactions, occurrences, or series of transactions or occurrences to be proved pursuant to the amended [complaint]," the claim asserted in the amended complaint "is deemed to have been interposed at the time the claim in the original [complaint] was interposed." G.S. 1A-1, Rule 15(c). Identical transactions or occurrences were described in the original and in the amended complaint. Only the middle name of defendant Griffin was altered. Hence, the exception in Rule 15(c) is inapplicable; and the claim asserted in the amended complaint is "deemed to have been interposed at the time the claim in the original [complaint] was interposed." By virtue of the 6 February 1980 issuance of summons and extension of time to file complaint, and of the filing of the original complaint within the time allowed, G.S. 1A-1, Rule 3, the claim in the original complaint was interposed within the three year period allowed by the applicable statute of limitations, G.S. 1-52.

The parties stipulated that the summons, complaint, and amended complaint were served on the defendant, Dr. E. Daniel Griffin, Jr., on 14 March 1980. The record thus clearly establishes that defendant Griffin was timely served with a timely filed complaint which, because the amendment thereto related back to the filing of the original complaint, timely and correctly identified defendant Griffin as the appropriate party defendant. The amended complaint gave defendant Griffin, correctly named, full, adequate, and timely notice of plaintiff's claim; and he could not have been misled as to the intended party defendant by an incorrect designation of his middle name on the summons. Under these circumstances, no "material prejudice would result to substantial rights of the party against whom the [summons] issued," defendant Griffin, if the summons, like the complaint, were amended to

reflect this name correctly. G.S. 1A-1, Rule 4(i). Further, plaintiff, having by his amended complaint given defendant Griffin full, adequate, and timely notice of his alleged claim against him, would suffer substantial injustice if such amendment were disallowed.

For the foregoing reasons, the order appealed from is reversed. The cause is remanded with instructions to amend the summons, pursuant to G.S. 1A-1, Rule 4(i), to reflect defendant Griffin's name correctly as it appears in the amended complaint.

Reversed and remanded.

Judges ARNOLD and HILL concur.